UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                    Case No. 3:07-cr-00048-HLA-MCR

KASSIAN MARITIME NAVIGATION
AGENCY, LTD.,

## KASSIAN MARITIME NAVIGATION AGENCY, LTD'S EMERGENT MOTION FOR EARLY TERMINATION OF PROBATION

**COME NOW**, Defendant Kassian Maritime Navigation Agency, Ltd. ("Kassian"), by and through undersigned counsel, and files this emergent Motion for Early Termination of Probation pursuant to 18 U.S.C. § 3564 (c) and in accordance with the express terms of Clause 9 of the July 23, 2009 plea agreement. See Docket # 120.

### RELEVANT FACTUAL BACKGROUND

On or about November 14, 2006, the M/V NORTH PRINCESS, a bulk cargo vessel, operated by Kassian, was engaged in the carriage of coal from Colombia to Jacksonville, Florida. Kassian was responsible for the operation and supervision of the engine department on board the M/V NORTH PRINCESS, including the management, treatment, storage, and disposal of oil residue, oily mixtures and machinery space operations.

On November 19, 2006, the vessel arrived at the St. John's River Coal Terminal in Jacksonville, Florida. On or about November 20, 2006, pursuant to a "whistleblower" tip by one or more disgruntled employee(s), the United States Coast Guard conducted a Port State

1

Control boarding and inspection of the M/V NORTH PRINCESS. During the course of the investigation, the oil record book was believed to be inaccurate.

Criminal charges were subsequently pursued against Kassian, as operator of the M/V NORTH PRINCESS, and against the vessel's Second Engineer, Spyridon Markou[1]. The matter was presented to a Grand Jury and on March 8, 2007, an Indictment was returned as against Kassian and Mr. Markou. Subsequently, the case against the organizational defendant was settled by Kassian agreeing to the entry of a plea on July 23, 2007, in which Kassian pled guilty to Count One of the Indictment, i.e. – violation of the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a) and 33 CFR § 151.25 by failing to maintain an accurate Oil Record Book while in United States waters. For the Court's ready reference, a copy of the Plea Agreement is attached hereto as Exhibit "A." See also Docket Entry # 120. The remaining two (2) Counts of the Indictment were dismissed[2].

Kassian entered into an agreed term of probation of thirty (30) months in accordance with 18 U.S.C. 3553(a), 3561, and 3562. The parties further agreed that Kassian would have the _express_ right for early termination of probation after twenty-four (24) months pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, so long as, Kassian implemented an Environmental Compliance Program (hereinafter "ECP"). The government further agreed to _not_ unreasonably withhold consent to Kassian's motion for early termination. See Exhibit 1, Clause 9. Such a clause was clearly premised upon the parties'

---

[1] Mr. Markou was a very young crew-member (approximately twenty-eight (28) years of age) at the time of the offense. He is no longer with the company. No charges were ever brought against the vessel's Chief Engineer (i.e. – the most senior officer in the vessel's engine department).

[2] Pursuant to the terms of the plea agreement, Kassian paid a criminal fine of USD 1,000,000.00 and a special assessment of USD 400.00. Kassian also participated in a community service project by making a contribution of USD 300,000.00 to the National Fish and Wildlife Foundation, Special Funds Program Management and Fiduciary Services for Settlement Accounts. These amounts were promptly paid.

acknowledgment of the unique nature of the offense; the predicate facts underlying the case; and the individual characteristics of the Defendant, Kasssian[3]. Following acceptance of the Plea Agreement by this Honorable Court, Kassian was sentenced and a final judgment was entered on August 17, 2007. See Docket # 134.

As per the ECP, Captain Ioannis Liokouras was appointed as the Corporate Compliance Manager (CCM) on August 17, 2007. Captain Richard C. Wigger, with Compliance Systems, Inc, was appointed as the Independent ECP Consultant (IC) on August 1, 2007. Thereafter, James Sanborn was appointed in the dual role as the Court Appointed Monitor (CAM) and Third Party Auditor (TPA) on September 17, 2007.

Additional relevant facts pertaining to the instant Motion for Early Termination of Probation are more fully set forth in the agreed statement of facts previously submitted to the Court (See Exhibit A) and the accompanying declarations of Captain Ioannis Liokouras, CCM, dated September 30, 2009 (hereinafter "Liokouras Decl."), Captain Richard C. Wigger, USCG (Ret), dated September 30, 2009 (hereinafter "Wigger Decl."), James Sanborn dated October 1, 2009 (hereinafter "Sanborn Decl."). The facts stated in these Declarations are incorporated herein by reference and this Memorandum of Law will make reference to and discuss same.

## POINT I

### REQUEST TO SHORTEN THE GOVERNMENT'S TIME TO RESPOND AND FOR AN EXPEDITED HEARING

In view of the nature and substance of the relief being requested, Defendant Kassian respectfully requests its' motion for early termination of probation to be heard by this

---

[3] Regretfully, neither the lead Department of Justice prosecutor (John Irving) or the contemporaneous D.O.J. supervisor for this matter (Greg Linson) have remained in government service. Both are now in private practice in Washington D.C.

3

Honorable Court on an expedited and emergent basis. In accordance with Local Rule 3.1(e), "Motions of an emergency nature may be considered and determined by the Court, at any time, in its discretion." Kassian, in accordance with the terms of the plea agreement, has the express right to seek the early termination of probation, after a period of twenty-four (24) months. Despite the express provision requiring the government to not unreasonably withhold its consent, the government, quite regrettably and inexplicably, has refused to consent to Kassian's application. Perhaps worse, the government has failed to provide any substantive grounds as to why it believes early termination would not appropriate in this case and/or why it will seek to oppose this application. By definition, the government's conduct is unreasonable.

Kassian has previously provided the government with all of the final vessel audit reports; significant documentation confirming the successful implementation of Kassian's effective corporate compliance program; supporting documentation and evidence presented in the accompanying Declarations (as well as the Exhibits thereto); and, at all times, has been ready willing and able to respond to any questions, comments or concerns the government might have. No such concerns have ever been voiced by the government. In addition, Kassian proposed and voluntarily met with the government on August 12, 2009 to assist the newly assigned government representatives to get "up to speed." Kassian has voluntarily shared otherwise confidential and proprietary information concerning the systems Kassian has implemented to make the ECP work in a complex shipping environment, (as well as the costs associated with same). See Liokouras Decl. at paras. 28-33, and Ex. A-B. No doubt, this information will be extremely valuable to the government in future similar matters.

Given the nature of the relief sought and the unfair harm and prejudice Kassian would otherwise suffer if the matter were to proceed in the ordinary course, while the probationary period continues to run, Kassian respectfully requests that the instant motion be set for an expedited hearing.

## POINT II

### THE PLEA AGREEMENT EXPRESSLY PROVIDES KASSIAN THE RIGHT TO TERMINATE PROBATION AFTER TWENTY-FOUR MONTHS

The final terms of Kassian's plea were agreed as a result of the unique circumstances of the case and the cooperative spirit between Kassian and the government to amicably resolve the matter. The government and Kassian agreed that an appropriate term for this matter would be thirty (30) months, with the express and purposeful proviso that: once the Environmental Compliance Plan (ECP) was fully implemented and after the expiry of twenty-four (24) months, Kassian would have the express right to move unopposed for the early termination of probation consistent with 18 U.S.C. § 3564. See Plea Agreement, Clause 9.

As per the terms of the plea agreement, Kassian would be eligible for the early termination of the probation on August 17, 2009, and the government would not unreasonably withhold its consent to an application for same to this Court. See Liokouras Decl. at paras. 23-26. In preparation for the application for early termination, Kassian approached the government beginning in April of 2009 to obtain the government's consent to the early termination of the probation, or at a minimum, to obtain confirmation that the government would not oppose Kassian's motion. Id. at para. 23.

Throughout the course of the initial exchanges with the government, it became clear that no one from the government originally involved in the case was still working for the

government. Id. at para. 26. Moreover, it was quite clear that no one from the government appeared to be familiar with the specifics of the case and no one had even been actively following Kassian's progress during the preceding two (2) years. Id. at para. 27. Accordingly, Kassian, at its own cost and expense, undertook to arrange a meeting with the newly assigned government representatives (from the Department of Justice and the US Coast Guard) to review the case; advise of Kassian's extraordinary progress; to explain the "nuts and bolts" of the extraordinary corporate compliance practices and procedures that Kassian has effectively implemented; and to be available to respond to any questions, comments, or concerns the government might have had. Id. at paras. 28-33. Additionally, Kassian arranged for Captain Liokouras (CCM), Captain Wigger (IC), Mr. Sanborn (CAM/TPA), and the undersigned all to be present and attend the August 12, 2009 meeting at the Washington D.C. office of the Department of Justice, Environmental Crimes Division so as to provide the government with a complete picture and to be able to promptly respond to any substantive questions the government personnel might have. Again, no concerns or questions were raised by the government. Id. at para. 29.

Despite Kassian's efforts to assist the government in its review of Kassian's compliance successes and extraordinary good behavior, the government has unreasonably withheld its consent to the early termination of probation. Regrettably, the government has inexplicably broken its agreement with Defendant Kassian and has provided no basis for its position. Such conduct cannot be permissible and the government must be held to honor the deal it made some twenty-seven (27) plus months ago in connection with the parties plea negotiation and agreement.

For the reasons more fully set forth above and below, Kassian respectfully requests that an order granting its application for early termination of probation be entered.

## POINT III

### KASSIAN IS QUALIFIED FOR EARLY TERMINATION OF PROBATION BY ITS EXCEPTIONAL GOOD BEHAVIOR

Assuming *arguendo*, the government disputes and (regretfully continues to dishonor) its prior express agreement to <u>not</u> oppose Kassian's application, early termination of probation is wholly appropriate in this case due to Kassian's extraordinary good behavior. Kassian's implementation of its comprehensive fleet-wide environmental and compliance programs far exceed the requirements of the ECP and demonstrate Kassian's commitment to environmental stewardship and continued exceptional good behavior.

Defendant Kassian is entitled to apply for the early termination of probation, in accordance with 18 U.S.C. 3564 (c), which states:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year probation in the case of a felony, <u>if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice</u>. (emphasis added).

Id.

The District Court may properly exercise its discretion to grant a motion for the early termination of probation, in cases where the defendant shows changed circumstances, such as exceptionally good behavior. See <u>United States v. Atkin</u>, 2002 App. LEXIS 4199, (6th Cir. March 8, 2002) (Slip Op.), <u>citing</u>, <u>United States v. Lussier</u>, 104 F.3d 32, 36 (2d Cir. 1997). See also <u>Karacsonyi v. United States</u>, 152 F.3d 918, (2d Cir. June 10, 1998) (unpublished);

United States v. Rasco, 2000 U.S. Dist. LEXIS 497, (S.D.N.Y. Jan. 19, 2009); United States v. Yung, 1998 U.S. Dist. LEXIS 11439 (D. Kan. Jun. 12, 1998).

As more fully set forth in the accompanying declarations of Captain Liokouras, Captain Wigger, and Mr. Sanborn, Kassian has met the standard for the early termination of probation as it has exemplified changed circumstances and extraordinary good behavior during the period of probation. Upon the signing of the plea agreement on July 23, 2007, Kassian immediately undertook to implement and exceed the requirements of the ECP and plea agreement. See Liokouras Decl. at paras. 5-8. Kassian has implemented compliance measures well beyond the minimum requirements of the plea agreement and has ensured that Kassian is on the "cutting edge" of compliance. Id. at para. 33, Exhibits A-B.

Captain Wigger, as the IC, immediately conducted and completed an Initial Environmental Review of Kassian's operations on board Kassian's vessels around the world and its shore-side office on an expedited basis. See Wigger Decl. at paras. 7-9. The Initial Environmental Review was completed and the Report of Findings was submitted on December 14, 2007. Id. at paras. 10-11.

Thereafter, Kassian promptly prepared the EMS manual (in two (2) months) and immediately implemented the requirements provided in the EMS manual on all vessels. See Liokouras Decl. at paras. 11-13. The EMS manual included many compliance requirements beyond the minimum ECP requirements. Id. at para 33, Exhibit A. Kassian implemented the EMS manual a full twelve (12) months before it was required under the ECP, and accordingly, Kassian was able to undertake and implement its immediate systematic fleet-wide compliance program. See Wigger Decl. at para 12. Kassian's expedient compliance is

demonstrative of the good character of the company and are representative of how seriously the company took (and continues to take) its environmental compliance obligations.

In reviewing a motion for early termination of probation, the District Court may look to the applicable sentencing factors from 18 U.S.C. 3553 (a), to determine whether the motion should be granted. See Lussier, 104 F.3d 32 at 36. In the present matter, the relevant applicable factors from 18 U.S.C. 3553 (a) that this Honorable Court should consider are the following:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant; **(2)** the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; . . .

Id. Upon review of the factors, Kassian's extremely good behavior and outstanding record during the period of probation supports its application for early termination of probation.

The strength of Kassian's corporate history and its positive corporate characteristics compared to the nature of the criminal offense certainly support the early termination of probation under 18 U.S.C. 3553 (a)(1). The offense in this matter was one of inaccurate record keeping in the maintenance of the Oil Record Book while the vessel was in United States waters. Such conduct was strictly the result of the failure of the 2nd Engineer to properly do the job Kassian was paying him to do. During the course of the investigation, the Chief Engineer was not prosecuted, as there was no evidence that the Chief Engineer had any knowledge of, or in any way participated in any criminal conduct. Prior to the charged offense in Jacksonville, Kassian had <u>never</u> before had any environmental compliance violations, and more to the point had never had any "run-ins" with the law. Moreover, Kassian's vessels have since called United States ports multiple times. Its fleet of eight (8)

vessels have been regularly boarded and inspected by the United States Coast Guard without any environmental compliance issues. Upon a review of Kassian's corporate history, it is clear that the alleged criminal conduct was an aberration. For sure, Kassian has now implemented systems and programs to prevent any future environmental compliance violation.

18 U.S.C. 3553 (a)(2) lists the guidelines for the Court to consider when assessing the second factor, i.e. -- the "need for the sentence." In the present matter, the sentence adequately punished the crime, as it imposed both significant monetary penalties and required Kassian to institute environmental corporate compliance measures consistent with the parties' plea agreement. Kassian has greatly exceeded the minimum requirements set forth in the plea agreement and has strived to set the bar appropriately high for effective compliance for other shipping companies.

Specifically, Kassian has developed an EMS manual and company-wide systems which serve the dual functions of providing the company with an environmental compliance program that is sustainable in a competitive economic market and also serves to prevent any future violations. See Liokouras Decl. at paras. 6-8; see 18 U.S.C. 3553 (a)(2)(A). In short, the systems are a series of well designed "checks and balances" between shipboard and shore-side staff. Kassian's programs not only demonstrate that the company is committed to continued environmental compliance as part of the probation, but that it is committed to environmental stewardship as a representative of the global maritime community. See 3553(a)(1)(2)(B) and (C). As a result of the comprehensive and successful measures instituted by Kassian, this Honorable Court, the government, and the public need not fear any future crimes from Kassian. Kassian has continued to be a model corporate citizen since the

incident and has purposefully decided to meet even greater environmental standards than those imposed by the sentence. It must be noted that Kassian has successfully achieved ISO 14001 Certification for its vessels and shore-side operations. See Liokouras Decl. at paras. 12-14.

Finally, throughout the term of probation, Kassian has complied with all of the government's requirements and has continuously sought to share its progress, as well as sought the input and/or recommendations from the government officials in charge of Kassian's probation. Id. at paras. 21-23. Despite this openness and desire to work closely with the government, Kassian has never received any meaningful response and/or feedback from the government. Id. at paras. 34-36. Similarly, Kassian has not received any critical comments from the government. For the government to now oppose this application is simply specious.

Most tellingly, the court appointed compliance consultants (the IC and CAM/TPA), have repeatedly expressed their clear views and opinions that Kassian has performed its implementation of the environmental measures with an expediency and thoroughness and that early termination of probation was appropriate. See Wigger Decl. at paras 18-19 and Sanborn Decl. at paras. 15-17. Mr. Sanborn, the Court Appointed Monitor, has stated, without reservation, that in his view, Kassian has shown the type of extraordinary good behavior meritorious of the early termination of probation. See Sanborn Decl. at paras. 22-24.

It is respectfully submitted that the Defendant has not only complied with the conditions of probation, but as more fully set forth below and in the attached declarations, has gone well above and beyond the requirements and goals of the ECP. Kassian's conduct

during the term of probation has been exemplary. In addition to its' contractual right, it is in the interest of justice for Kassian's probation to be terminated early.

## POINT IV

### PUBLIC POLICY MANDATES EARLY TERMINATION OF KASSIAN'S PROBATION

Kassian has complied with and exceeded every obligation imposed upon the company pursuant to the plea agreement. Despite the government's unreasonable withholding of its consent to early termination of probation, such a result is warranted here. This matter presents a unique opportunity for the Court to review the efforts of a corporate defendant and reward the extraordinarily good behavior exhibited during the period of probation. Kassian has fully devoted its efforts and resources to the successful implementation of environmental compliance systems and the creation of a corporate culture that places the highest value on protecting the marine environment. See Liokouras Decl. at para. 37. Kassian's entire staff has taken on the responsibility and obligations of ensuring a commitment to the protection of the marine environment. Id. at para. 38.

Granting the motion for early termination of probation would not only appropriately reward the efforts of Kassian throughout this process, but also would simultaneously support the public policy goal of protecting the marine environment and reinforce the shipping industry's obligations to environmental care. See Liokouras Decl. at paras. 40-41. However, a decision to deny the application for early termination of probation in this matter would undermine the proscribed goals of environmental compliance and discourage other corporate defendants from ever attempting to exceed the minimum requirements of similar plea

agreements. Id. at para. 42, see also 18 U.S.C. 3553 (a)(6). Accordingly, in the interest of sound public policy, Kassian's successful achievements and high standards of environmental compliance are ample grounds for this Court to grant the current motion for early termination of probation.

## CONCLUSION

WHEREFORE, and for the reasons more fully set forth above and in the accompanying declarations, Defendant Kassian, respectfully requests this Honorable Court grant Defendant's Motion for Early Termination of Probation, and for such other and further relief which the Court deems appropriate under the circumstances.

Date: October 5, 2009

Respectfully submitted:

By: /s/
George M. Chalos
Federal Bar No. GC-8693
Briton P. Sparkman
Federal Bar No. BS-5220
CHALOS & CO, P.C.
123 South Street
Oyster Bay, New York 11771
Tel:   (516)-714-4300
Fax:   (516)-750-9051
Email: gmc@chaloslaw.com
**ATTORNEYS FOR KASSIAN MARITIME NAVIGATION AGENCY, LTD.**

Of Counsel:

**Moseley Prichard Parrish Knight & Jones**

James F. Moseley Jr., Florida Bar No. 699926
P. Michael Leahy, Florida Bar No. 0504211
501 West Bay Street
Jacksonville, Florida 32202
Phone: (904) 356-1306
Fax: (904) 354-0194
email:jmoseleyjr@mppkj.com